**Robert Martin HOOD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 72–1134.**

United States Court of Appeals,
Eighth Circuit.

Dec. 1, 1972.

Robert T. Dawson, Fort Smith, Ark., for appellant.

Bethel B. Larey, U. S. Atty., and James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before MATTHES, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Robert Martin Hood appeals from the trial court's denial of his motion to modify or set aside a fifteen-year sentence imposed for violation of 18 U.S.C. § 2113(d) (bank robbery by use of force, violence and intimidation). Hood, convicted upon a plea of guilty, contends that the sentence was so excessive as to constitute cruel and unusual punishment prohibited by the Eighth Amendment and also a gross abuse of the discretion afforded the trial judge under Rule 32, Federal Rules of Criminal Procedure.[1]

Appellant Hood, acting with others pursuant to a well-laid plan, robbed a bank in Arkansas while armed with a deadly weapon and through the use of threats. The bank's president or manager was taken as a hostage. Hood

made a confession following his capture which implicated others. He entered a plea of guilty and received a fifteen-year sentence, well within the authorized penalty of not more than a $10,000 fine or 25 years imprisonment or both. We find the assertion of cruel and unusual punishment wholly without merit.[2]

In United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972) the Supreme Court observed: "* * * that a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." We fail to find any abuse of discretion on the part of the trial court in denying the motion to modify or set aside the sentence.

Affirmed.

---

1. We considered this appeal while screening cases for assignment under 28 U.S.C. Local Rule 6 (CA8 1971). After examining the briefs and the original district court records in this case, it was our view that the issue on appeal was appropriate for summary disposition under 28 U.S.C. Local Rule 9.

2. See Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), in which the Eighth Amendment's prohibition was held applicable to legislative power to impose punishment for crime. Here we are involved solely with judicial power to impose a sentence well within the limitations prescribed by Congress.